IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| DEAN LEE NORBY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIKE FERRITER, MIKE MAHONEY, and JOHN DOE,<br><br>　　　　Defendants. | Cause No. CV 10-00007-H-DWM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are Plaintiff Dean Lee Norby's Motion for Leave to Proceed in Forma Pauperis (Court Doc. 1), proposed Complaint (Court Doc. 2), and Motion for the Appointment of Counsel (Court Doc. 3).

This action presents a controversy over whether the Defendants, acting under color of state law, violated Plaintiff's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983.  Accordingly, the case presents a federal question over which the Court possesses jurisdiction pursuant to 28 U.S.C. § 1331.

I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff is required to pay the statutory filing fee of $350.00.  Plaintiff has insufficient funds to pay an initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account.  By separate order, the agency having custody of Plaintiff will be directed to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff's Complaint shall be deemed filed as of the date his

Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  See Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); see also United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

II.  STATEMENT OF CASE

    A.    Parties

Plaintiff is a state prisoner incarcerated at Montana State Prison in Deer Lodge, Montana.

Plaintiff names Mike Ferriter, Mike Mahoney, and John Doe as Defendants.

    B.    Allegations

Plaintiff alleges on June 10, 2009 an inner prison security (IPS) officer, John Doe 1, was escorting Plaintiff with his hands cuffed behind his back.  Plaintiff alleges as they were going up a set of steps the IPS officer pushed Plaintiff causing him to fall and hit his head.  Plaintiff was rushed unconscious to the local hospital.  Plaintiff suffered a

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00007-H-DWM-RKS / PAGE 3

concussion, a severely blackened eye, short term focusing problems, prolonged dizziness, headaches that still persist today, and scrapes and bruises on his leg and arms.

Plaintiff seeks court costs, compensatory and punitive damages.

## III. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of their "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78

S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The "plausibility standard" is guided by "[t]wo working principles." Iqbal, 129 S.Ct. at 1949.  First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949.  "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES
MAGISTRATE JUDGE-CV-10-00007-H-DWM-RKS / PAGE 6

line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Iqbal, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Even after Twombly, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson, 127 S.Ct. at 2200; Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00007-H-DWM-RKS / PAGE 7

4

pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

    B.  Analysis

        1.  Defendants Ferriter and Mahoney

Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights.  Monell v. Department of Social Services, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Section 1983 will not impose liability on supervising officials (such as Director of the Montana Department of Corrections Ferriter or Warden Mahoney) under a respondeat superior theory of liability.  Monell, 436 U.S. at 691-94.  That is, a defendant will not be held liable just because they oversee the Department of Corrections or Montana State Prison.  Instead, supervising officers can

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00007-H-DWM-RKS / PAGE 8

be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). The Ninth Circuit has identified four general situations in which supervisory liability may be imposed:

> (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others.

Al-Kidd v. Ashcroft, 580 F.3d 949, 965 (9th Cir. 2009) (citing Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)).

Plaintiff's allegations pertain to an isolated incident when an single officer allegedly pushed him down some stairs. Upon the alleged facts, Plaintiff cannot reach the level of pleading set forth above with regard to Defendants Ferriter and Mahoney and they will be recommended for dismissal.

  2. John Doe Defendant

While Plaintiff has stated a claim for excessive force against the

John Doe Defendant, he has not named that individual. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." McMillan v. Department of Interior, 907 F.Supp. 322, 328 (D.Nev. 1995), aff'd, 87 F.3d 1320 (9th Cir. 1996), cert. denied, 519 U.S. 1132, 117 S.Ct. 995, 136 L.Ed.2d 875 (1997); see also Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. Id. "While Doe pleading is disfavored, it is not prohibited in federal practice." Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D.Ca.2008).

Although papers and pleadings submitted by pro se litigants are subject to a less stringent standard than those of parties represented by attorneys, a pro se plaintiff must follow the rules and orders of the court, including diligently acting to identify any "John Doe" defendants

named in his suit. Grinage v. Leyba, 2008 WL 199720 at 12 (D.Nev. January 17, 2008). When a plaintiff is not able to name one or more defendants when he files his complaint, he must provide sufficient information to enable the court and his opponents to know who he is trying to identify. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390 n. 2, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (in which "the District Court ordered that the complaint be served upon 'those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the petitioner' "), and Wakefield v. Thompson, 177 F.3d 1160, 1162 n. 4 (9th Cir. 1999) (although the plaintiff did not know the name of the officer who refused to provide the plaintiff's prescription when releasing plaintiff on parole, the plaintiff informed the court that the name could be secured "by inspecting the 'parole papers that the plaintiff signed at the time of his release' and the 'Duty Roster for that day.'").

    Plaintiff's Complaint states a claim against John Doe 1 but John Doe 1 cannot be served and this matter cannot proceed until Plaintiff

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00007-H-DWM-RKS / PAGE 11

has identified John Doe as an actual individual. Once Plaintiff has identified John Doe, the Court will have the Complaint served upon the named Defendant.

IV. MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). 28 U.S.C.§ 1915 only allows the Court to "request" counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. §1915(e)(1). The Court cannot make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

Therefore, the Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro

> se in light of the complexity of the legal issues involved.'
> Neither of these factors is dispositive and both must be
> viewed together before reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); see also Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

Plaintiff has submitted what appears to be a form motion to appoint counsel in which he submits he is not able to afford counsel, the issues are complex, the prison has limited library hours, he has limited knowledge of the law, and the ends of justice will be best served if an attorney is appointed.

Plaintiff has not demonstrated exceptional circumstances requiring the Court to request counsel to represent Plaintiff in this matter. Pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex. See Wilborn, 789 F.2d at 1331. Similarly, factual disputes and anticipated examination of witnesses at trial does not warrant the finding of exceptional circumstances supporting an appointment of counsel. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that

ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE-CV-10-00007-H-DWM-RKS / PAGE 13

even though the appellant "may well have fared better-particularly in the realms of discovery and the securing of expert testimony-but this is not the test."), overruled on other grounds, Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998)(en banc).

In determining whether an indigent pro se litigant should receive counsel, an assessment of that litigant's performance in the case may be considered as evidence that he has some ability to navigate in the legal proceedings. See Plummer v. Grimes, 87 F.3d 1032, 1033 (9th Cir. 1996)).  In the instant case, Plaintiff has demonstrated the ability to articulate his position.  The motion will be denied without prejudice.  Should circumstances change, Plaintiff may renew his motion.

Based on the foregoing, the Court issues the following:

### ORDER

1.  Plaintiff's Motion for Leave to Proceed in forma pauperis (Court Doc. 1) is GRANTED.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the

Complaint to remove the word "LODGED" and the Complaint is DEEMED FILED on February 4, 2010.

3. Plaintiff's Motion for the Appointment of Counsel (Court Doc. 3) is DENIED WITHOUT PREJUDICE.

4. Plaintiff shall have until April 30, 2010 to identify John Doe # 1. If Plaintiff is unable to identify John Doe #1 within that time he must provide an explanation of his attempts to discover John Doe's identity and why said attempts were unsuccessful.

5. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Defendants Ferriter and Mahoney should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of February, 2010.

        /s/ Keith Strong
        Keith Strong
        United States Magistrate Judge