

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| DEAN LEE NORBY, | ) | CV 10-07-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE FERRITER, MIKE | ) | |
| MAHONEY, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Dean Lee Norby brought this action pursuant to 42 U.S.C. § 1983 claiming excessive force was used against him by an inner prison security officer. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge

1

Strong, who issued Findings and Recommendation on February 25, 2010, recommending that Norby's complaint be dismissed as to Ferriter and Mahoney. Judge Strong also denied Norby's motion for the appointment of counsel. Norby timely objected to the Findings and Recommendation on March 8, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Norby's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Norby objects to the recommendation that Ferriter and Mahoney be dismissed from the action. Norby argues that Ferriter and Mahoney played an affirmative part in depriving him of his constitutional rights through inaction in training, supervision and control of subordinates. In support, he contends proper training would have prevented John Doe from confronting him for possessing a black pen or subjecting him to a double strip search. The objection is irrelevant. Norby's claim is one of excessive force, not being questioned or searched. Moreover, the alleged fact that John Doe did not know about the change to the prison's policy change regarding black pens does not raise a plausible claim of inaction in training or supervision. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Norby also objects to Judge Strong's denial of his motion to appoint counsel. He argues he needs legal counsel in order to receive initial disclosures, and without such disclosures he will be unable to ascertain the identity of the security officer in the alleged incident. See Fed. R. Civ. P. 26(a)(1)(B). He submitted documents showing he sought the identity of the security officer prior to filing this complaint. His requests were denied on the grounds that the information would be made available during discovery. The objection is not well taken. Difficulty unearthing facts pertinent to the case, on its own, does not establish exceptional circumstances meriting appointment of counsel. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (noting the need for discovery does not require designation of counsel for a § 1983 pro se litigant). At the same time, Norby has only presented evidence that he attempted to discover facts pertinent to his claim prior to Judge Strong's February 25, 2010 Findings and Recommendation. As such, there is no showing that he has diligently tried to identify any "John Doe" defendants since filing his complaint.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #5) are adopted in full. Defendants Ferriter and Mahoney

3

are DISMISSED.

Dated this 23rd day of April, 2010.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court