# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| DEAN LEE NORBY,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>        Defendants. | Cause No. CV 10-00007-H-DWM-RKS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO COMPEL |

Pending is Plaintiff Dean Norby's Motion for Appointment of Counsel (Court Doc. 11) and Motion to Compel (Court Doc. 12). The motions will be denied.

## I.  MOTION FOR APPOINTMENT OF COUNSEL

This is Plaintiff's second motion for appointment of counsel. As set forth in the Court's prior Order, the Court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff still has not demonstrated exceptional circumstances

requiring the Court to request counsel to represent Plaintiff in this matter. Pro se litigants are rarely in a position to research and investigate facts easily. This alone does not make a case complex. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's motion will be denied.

## II. MOTION TO COMPEL DISCOVERY

Plaintiff next moves for an order pursuant to Rule 37(a) and Rule 26(a)(1)(a) of the Federal Rules of Civil Procedures compelling Defendant John Doe, the Montana Department of Corrections, and Montana State Prison to produce for inspection and/or copying documents involving the incident at issue in this lawsuit. Plaintiff indicates he has submitted two written requests for these documents to the Department of Corrections but has gotten no response.

Local Rule 16.2(a) provides that no party may begin discovery before a scheduling order has been issued. Here, no Defendant has been served, no scheduling order has been issued, and the Department of Corrections is under no obligation (as a non-party) to respond to Plaintiff's First Request for the Production of Documents. Plaintiff may

only use expedited discovery by court order.

This Court has broad discretion regarding fashioning discovery orders under Rule 26(d), as it does when managing any aspect of discovery.  See *Crawford-El v. Britton,* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Laub v. U.S. Dep't. of Interior,* 342 F.3d 1080, 1093 (9th Cir. 2003); *Blackburn v. U.S.,* 100 F.3d 1426, 1436 (9th Cir.1996).

In *Wakefield v. Thompson,* 177 F.3d 1160 (9th Cir. 1999), a pro se inmate brought a § 1983 action against an unnamed police officer alleging his Eighth Amendment rights were violated.  In finding that it was error to dismiss Wakefield's complaint simply because he could not name the unknown defendant, the Ninth Circuit cited *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir. 1980) for the proposition that, "where the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.

The Court is hesitant to allow expedited discovery in this matter against non-parties without a further understanding of the facts in this matter.  Therefore, Plaintiff will be required to produce copies of all grievance forms grieving the incident on June 10, 2009 about which he complains in his complaint, all responses thereto, and any other information in his possession demonstrating the identity of John Doe.

Accordingly, the Court issues the following:

### ORDER

1. Plaintiff's Motion for the Appointment of Counsel is **DENIED**.

2. Plaintiff's Motion to Compel Discovery (Court Doc. 12) is **DENIED**.

3. On or before **August 13, 2010**, Plaintiff shall provide copies of any and all grievances demonstrating his attempts to exhaust the incidents at issue in his Complaint, the responses thereto, and any other information in his possession demonstrating the merits of his claims.

4. At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address

and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 13th day of July, 2010.

>  /s/ Keith Strong
> Keith Strong
> United States Magistrate Judge